**Natarajan VENKATARAM, Plaintiff,**

**v.**

**OFFICE OF INFORMATION POLICY & Janice Galli McLeod, Defendants.**

**Civil No. 09–6520 (JBS/AMD).**

United States District Court, D. New Jersey.

Oct. 13, 2011.

Natarajan Venkataram, Fort Dix, NJ, pro se.

Paul J. Fishman, United States Attorney, by: John Andrew Ruymann, Assistant United States Attorney, Office of the U.S. Attorney, Trenton, NJ, for Defendants.

## *OPINION*

SIMANDLE, District Judge.

## I. INTRODUCTION

This matter is before the Court on the Defendant Office of Information Policy's response to the Court's order to show cause [Docket Item 23.] In its order dated May 25, 2011, 2011 WL 2038735, the Court ordered Defendant Office of Information Policy to show cause in a written submission to the Court why the remaining matter, specifically Plaintiff Natarajan Venkataram's original exhausted Freedom of Information Act record requests, should not be remanded to the Department of Justice. [Docket Item 19.] For the reasons discussed below, the Court finds the Defendant's response insufficient and will remand this matter to the Department of Justice for a more particularized analysis of the Plaintiff Natarajan Venkataram's document requests.

## II. STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

The facts underlying this action were set forth in the Court's previous opinion in this matter. [Docket Item 18.] The instant case involves a claim under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B) (hereinafter "FOIA"). The Plaintiff Natarajan Venkataram ("Plaintiff") seeks records from the Office of Information Policy, United States Department of Justice, pertaining to the indictment and subsequent cancellation of the indictment of Mr. D.V.S. Raju. Mr. Raju was a co-defendant with the Plaintiff in a federal criminal indictment charging embezzlement and money laundering.

The Court issued an opinion denying Defendants' motion for summary judgment on May 25, 2011, 2011 WL 2038735. [Docket Item 18.] The Court rejected the Defendants' argument that Exception 6 or 7(C) to FOIA applied categorically to the records sought by the Plaintiff. The Court held that "the mere fact that a document contains information related to a private individual does not mean it contains private personal information, much less that it can categorically be reasonably expected to constitute an unwarranted invasion of personal privacy." [Docket Item 18 at 9.]

The Court then issued an order requiring Defendant Office of Information Policy ("Defendant") to show cause why the remaining matter should not be remanded to the Department of Justice for further determinations in light of the Court's opinion. [Docket Item 19.]

The Defendant Office of Information Policy filed a response to the Court's order to show cause on July 1, 2011. [Docket Item 23.] The Defendant's main argument is that its response to Plaintiff's FOIA request was consistent with DOJ regulation and the policy of Executive Office of the United States Attorneys ("EOUSA"). EOUSA's policy provides that any person requesting records about a third party must present either the written authorization of the third party or proof that the third party is deceased. Otherwise, the request would violate the Privacy Act, 5 U.S.C. § 552(a).

The Defendant did acknowledge that there is an exception under the Privacy Act for documents subject to disclosure under FOIA. However, the Defendant maintains that EOUSA's policy is that records requested pertaining to third parties are also categorically exempt from FOIA under exceptions (b)(6) or (7) and therefore the Privacy Act applies. (Def.'s Br. at 4–5, 7–8.)

The Defendant also argues that a Glomar response neither confirming nor denying the existence of responsive records was necessary in this case to protect Mr. Raju from being associated with criminal activity. Therefore, the Defendants contend that a remand would be improper.

The Plaintiff replied to Defendant's Response to the Court's Order to Show Cause on July 21, 2011. [Docket Item 24.] The Plaintiff maintains that Defendant's response is essentially arguing that EOUSA policy should supersede the FOIA statute. The Plaintiff contends that the Court should not give deference to EOUSA's agency interpretation of FOIA and relies on *Nat'l Cable & Telecommunications Assoc. v. Brand X Internet Servs.*, 545 U.S. 967, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005).

This case held that where there is a prior judicial construction of a statute, that construction, "trumps an agency construction otherwise entitled to *Chevron* deference only if prior court decision holds that its construction follows from the unambiguous terms of the statute and leaves no room for agency discretion." *Id.* at 982,

125 S.Ct. 2688. The Plaintiff argues that *U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) addressed exemptions involving third party privacy interests under FOIA and trumps any agency interpretation of these exemptions.

The Plaintiff also argues that the Defendant's Glomar response was improper. The Plaintiff maintains that no possible harm can attach to Mr. Raju in being associated with criminal activity because he was formally indicted and consequently, was in fact associated with such criminal activity. Therefore, the Plaintiff contends that a remand is proper.

## III. DISCUSSION

The Defendant puts forth two arguments in response to the Court's order to show cause. First, the Defendant argues that EOUSA's policy supports the categorical denial of Plaintiff's record requests. Second, the Defendant contends that a Glomar response was appropriate since the Plaintiff requested records pertaining to a living third party without the third party's consent and the requested records might associate the third party with criminal activity. The Court will address each of these arguments separately.

### A. EOUSA POLICY

The Defendant's argument that its response to Plaintiff's FOIA request was consistent with DOJ regulation and the policy of Executive Office of the United States Attorneys ("EOUSA") raises the same argument that was rejected in the Defendant's motion to dismiss under a different legal theory. The Defendant still maintains that the exemptions under (b)(6) and (b)(7) of FOIA apply categorically to Plaintiff's claims. This time, however, the Defendant argues that the requested records should be withheld because EOUSA's policy in categorically withholding these requested documents relies primarily on the Privacy Act, not FOIA.

This argument is without merit. The Privacy Act expressly states that:

No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be required under section 552 of this title.

5 U.S.C. § 552a(b)(2). Section 552 is the Freedom of Information Act. Therefore, the Defendant is in essence arguing that the Court give deference to EOUSA's policy interpreting the exemptions under (b)(6) and (b)(7) of FOIA.

■ This argument is contrary to the plain language of the FOIA statute which grants the court de novo review of an agency's refusal to disclose requested records. Importantly, the statute provides:

On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. *In such a case the court shall determine the matter de novo,* and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, *and the burden is on the agency to sustain its action.* In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the

agency's determination as to technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B).

5 U.S.C.A. § 552(a)(4)(B). Under the statute, the agency is entitled to no deference with regard to whether records should be withheld under any of the subsection (b) exemptions. Indeed, the agency has the burden to sustain its action of withholding the documents. Therefore, Defendant's argument that EOUSA's policy of categorical non-disclosure is entitled to deference is without merit and unsupported by the plain statutory language requiring de novo review by the court.

## B. GLOMAR RESPONSE

The Defendant also argues that its response neither confirming nor denying the existence of documents requested by Plaintiff's FOIA request was in accordance with *Nation Magazine, Washington Bureau v. U.S. Customs Service,* 71 F.3d 885, 894 (D.C.Cir.1995). The Defendant maintains this response was necessary because confirmation of the documents would associate Mr. Raju with criminal activity and denial of the documents would allow adverse inferences to be drawn.

A response to a FOIA request which neither confirms nor denies the existence of responsive records is referred to as a Glomar Response. The Glomar Response received its name from a case involving a FOIA request for records relating to the underwater sea craft called the "Glomar Explorer." *Phillippi v. CIA,* 546 F.2d 1009 (D.C.Cir.1976).

■ Exception 7(C) under FOIA allows an agency to withhold from disclosure "investigatory records compiled for law enforcement purposes, or information which if written would be contained in such records, but only to the extent that the production of such records or information would ... constitute an unwarranted inva-

sion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Under this exemption, "a Glomar response may be issued in place of a statement acknowledging the existence of , responsive records but withholding them, if confirming or denying the existence of the records would associate the individual named in the request with criminal activity." *Nation Magazine,* 71 F.3d at 893.

In order to determine if a Glomar response is warranted, the court must balance the private and public interests at stake. Courts have continually held that individuals have an "obvious privacy interest cognizable under Exemption 7(C) in keeping secret the fact that they were subjects of a law enforcement investigation" and this "privacy interest also extends to third parties who may be mentioned in investigatory files, as well as to witnesses and informants who provided information during the course of an investigation." *Nation Magazine,* 71 F.3d at 894. Individuals have a strong privacy interest in not being "associated unwarrantedly with alleged criminal activity." *Fitzgibbon v. CIA,* 911 F.2d 755, 767 (D.C.Cir.1990).

■ In this case, the Defendant's argument essentially seeks to enlarge Glomar's protection of persons' identities who may have been *investigated* for criminal activity to include persons who were actually *indicted* for it. Here, the Plaintiff, pursuant to FOIA, requested records "pertaining to Mr. D.V.S. Raju, co-defendant in the criminal case of *U.S. v. Venkataram,* Case # 06–CR–102." (Supp. Stearns Dec. Ex A. ¶ 1). Mr. Raju was not merely investigated for criminal activity; he was formally indicted for charges of conspiracy involving the fraudulent awarding of software contracts, as well as embezzlement, theft and other offenses related to the conspiracy. Disclosure of the requested

records would not associate Mr. Raju "unwarrantedly with alleged criminal activity" because Mr. Raju is already associated with such criminal activity by virtue of his indictment. *Fitzgibbon*, 911 F.2d at 767. Indeed, it is hard to see any privacy rationale at stake for an individual such as Mr. Raju who was actually indicted for the criminal activity associated with the requested documents.

It is only when the privacy concerns addressed by an exemption are present that the requestor must establish a sufficient reason for the disclosure. *National Archives and Records Administration v. Favish*, 541 U.S. 157, 171, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004). Accordingly, the Court will not address the Plaintiff's asserted public interest in the propriety of Mr. Raju's dismissal since the Court does not find that responsive documents would categorically contain private information about Mr. Raju protected under Exemption 7(C).

Therefore, the Court finds the Defendant's argument that a Glomar response was categorically necessary is without merit.

## IV. CONCLUSION

The Defendant's response to the Court's order to show cause continues to argue for the categorical exemptions of Plaintiff's record requests under different legal theories. In its previous opinion, the Court specifically instructed the Defendant that the purpose of the Order to Show Cause was to give "the Department of Justice the opportunity to assemble and review all responsive documents, to disclose those that are not exempt under FOIA Exceptions 6 or 7(C), and to stake out a particularized claim of exemption with respect to each document (or part thereof) that is withheld. . . . The Court is not inviting Defendant to reargue for the categorical ex-

emptions which this Opinion rejects." [Docket Item 18 n. 7 at 12–13.]

The Defendant has not complied with the mandate of this Court's previous opinion and instead continues to argue for the exemptions under FOIA to categorically bar Plaintiff's record requests. The Defendant's arguments are insufficient and unpersuasive.

However, nothing in this opinion should be construed as a determination on whether the requested records should be released. This opinion only addresses whether Plaintiff's record requests were categorically barred under FOIA.

Therefore, the Court will remand this matter to the Department of Justice for a more particularized analysis of the documents requested by the Plaintiff. If the Plaintiff is dissatisfied with the final decision after remand, the Plaintiff may reopen the docket. This Court will retain jurisdiction.

The accompanying Order will be entered.